**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VICTOR SEVY, on his own behalf and others similarly situated,**

            **Plaintiff,**

**-vs-**                                  **Case No. 6:12-cv-653-Orl-19DAB**

**BAR HARBOR LOBSTER COMPANY, INC.,**

            **Defendant.**
_____

## ORDER

This cause came on for consideration of the parties' Joint Motion for Approval of Terms of Settlement and Final Order of Dismissal with Prejudice (Doc. No. 27) and the District Judge's referral to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Although the parties were ordered to file the settlement documents on August 30, 2012, including any justification for any reduction in Plaintiff's claim and allowance for fees, Plaintiff's counsel has failed to do so. Doc. 26.

Plaintiff Victor Sevy filed suit against Defendant Bar Harbor Lobster Company, Inc. on April 30, 2012 for overtime claims arising from his work as a kitchen manager, seeking $3,800 in overtime wages plus an equal amount in liquidated damages for a total of $7,600. Docs. 1, 21. As part of the settlement between the parties, Defendant has agreed to pay Plaintiffs' attorneys $3,550 in fees and $450 in costs. Doc. 27. In the Joint Motion, the Parties agree that $3,550 is a reasonable amount for attorneys' fees in this case, because of the "time which has been expended by Plaintiff's attorney, as documented in the contemporaneous time records" (Doc. 27 at 3); however, no time records were

provided to the Court. The parties cite to Judge Presnell's opinion in *Bonetti v. Embarq Management Co.*, 20009 WL 2371407 (M.D. Fla. Aug. 4, 2009)[1], which is not binding on the other judges who have not adopted the approach to counsel's representation of attorney's fees in applying the "reasonableness" assessment required by *Lynn's Foods*. Based on a review of the docket, in which no discovery (beyond that set forth in the Court's FLSA scheduling order) and no motion practice occurred, it is difficult to ascertain the amount of time Plaintiff''s counsel spent on the case.

Plaintiff's counsel has failed to file any documentation whatsoever in support of attorney's fees. Counsel is **ORDERED** within 14 days of the date of this Order to file such documentation.

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Doc. 27 at 3.